## CONTRACTS FOR SCHOOL BUILDINGS.

[Circuit Court of Hamilton County.]

THE STATE OF OHIO, EX REL MATHIS BROTHERS COMPANY, v.
THE BOARD OF EDUCATION OF THE CITY OF CINCINNATI, OHIO.

Decided, April 8, 1905.

*Bids and Bidding—Illegal Award of Contract by Board of Education
— Specifications — Advertisement — Mandamus — Injunction —
Section 3988.*

1. Where bids for public work received in response to advertisement
are ignored, and a contract is awarded upon a bid based upon con-
ditions not contained in the original specifications and received
subsequent to the time designated in the advertisement, the
award is wholly unauthorized and illegal, and upon application to
a court of competent jurisdiction may be enjoined.
2. Mandamus will not lie in such a case to compel the award of the
contract to the lowest responsible bidder.

GIFFEN, J.; JELKE, J., and SWING, J., concur.

The relator avers in its petition that the Board of Education
of the City of Cincinnati determined to erect a school build-
ing in Clifton, and caused it to be duly advertised that sealed
proposals would be received at the office of said board until
twelve o'clock noon, January 23d, 1905, for material and labor
necessary for the completion of said school building. That
upon said day it filed with the clerk a bid for the installation
of a heating and ventilating plant in said building for the
sum of twenty-four thousand two hundred dollars ($24,200).
That the specifications required bidders upon heating and ven-
tilating to submit with their bids a proposition for smoke con-
suming device, automatic stokers, down draft furnaces, etc., to
be considered. That accordingly, the relator specified in its
bid for the furnishing of Detroit or Murphy Automatic Stokers
or Hawley Down-draft Furnaces, for fifteen hundred dollars
($1,500) to be added to said bid of twenty-four thousand two
hundred dollars ($24,200), making its entire bid, with either
of the above smoke consuming devices, twenty-five thousand

seven hundred dollars ($25,700). That said bid was in all other respects as required by law, and was the lowest responsible bid.

The relator further alleges that among other bids submitted in response to said advertisements was that of one Henry Niemes, which contained the following provision: "If the Hawley furnaces are installed in connection with the above work, I will furnish and install the same for the additional sum of $1,359;" but contained no provision to furnish Detroit Automatic Stokers. That on January 27th, 1905, at a meeting of the building committee of said board, on advice of the mechanical engineer of said board, it determined upon the use of the Detroit Automatic Stoker; that the committee wrongfully ignored and refused to consider relator's bid for the heating and ventilating system to be used including the furnishing of said Detroit Automatic Stokers, and requested said Henry Niemes to furnish a new bid based on the substitution of Detroit Automatic Stoker in place of the Hawley Down-draft or ordinary grates, as contemplated in his original bid. Said request was without notice to relator or the other parties who had submitted bids, and was without advertisement as provided by law. That thereupon said Henry Niemes submitted a new bid to include the Detroit Automatic Stoker for the sum of $24,462; that thereupon the committee agreed to recommend to the board the letting of the contract for heating and ventilating to Henry Niemes upon his new bid of $24,462.

The relator claims to have been wrongfully refused said contract and asks that the board of education be compelled by a writ of mandamus to accept its said bid. To this petition the board of education files a general demurrer.

It appears from the petition that the building committee wrongfully ignored and refused to consider relator's bid, and inferentially it ignored and refused to consider each and every other bid received by it on or before January 23d, 1905, but proceeded to award the contract upon a bid based upon conditions not contained in the original specifications and received at a time subsequent to that designated in the advertisement.

It is clear that the attempt to award the contract in this manner is wholly unauthorized, illegal and void, which upon proper application to a court of competent jurisdiction should be enjoined.

It is claimed, however, by the relator, that the board of education having exercised its discretion to award the contract, may now be compelled to award the contract to the relator as the lowest responsible bidder. The board has not considered any of the bids received on or before January 23d, 1905, and it is still open to the board to award the contract to the lowest responsible bidder, unless it be deemed to have rejected all the bids invited and received in pursuance of the advertisement by awarding a contract upon an independent bid received January 27th, 1905.

It is perhaps unnecessary now to decide whether the action of the board amounted to a rejection of all the bids, because in either event the relator would not be entitled to a peremptory writ of mandamus. Counsel rely upon the case of *Boren and Guckes* v. *Commissioners of Darke County*, 21 O. S., 311, but in that case the commissioners attempted to award the contract upon one of the original bids received in pursuance of the advertisement but not to the lowest bidder, and the court, therefore, held that the commissioners could be compelled to award the contract to the lowest bidder. Subdivision VI, of Section 3988, Revised Statutes, 97 Ohio Laws, 357, provides:

"None but the lowest responsible bid shall be accepted; but the board may, in its discretion, reject all the bids or accept any bid for both labor and material which is the lowest in the aggregate for such improvement or repair."

Clearly the discretion to reject all the bids refers to such bids as are received in pursuance of the advertisement and can not relate to an independent and wholly unauthorized bid received after the date fixed in the advertisement.

The relator has shown no right to a writ of mandamus and demurrer to the petition will be sustained.

*J. H. Cabell*, for relator.

*Chas. J. Hunt*, City Solicitor, contra.